**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **KAMIL DAON SAVAGE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:23-CV-00058-RWS-JBB** |
| | § | **JUDGE SCHROEDER** |
| **DETROIT INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | **JURY** |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT DETROIT INDEPENDENT SCHOOL DISTRICT'S FIRST AMENDED**
**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS AND JURY DEMAND**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Detroit Independent School District (hereinafter "DISD" or "Defendant") and files this, its First Amended Original Answer, Affirmative Defenses, Counterclaims, and Jury Demand to Plaintiff's Original Complaint and Jury Demand ("Plaintiff's Complaint") and would respectfully show unto the Court the following:

**I.**

**FIRST AMENDED ORIGINAL ANSWER**

**A. RACE DISCRIMINATION UNDER TITLE VII AND TEXAS LABOR CODE**

24.     Paragraph #24 of Plaintiff's Complaint contains a statement that does not require an admission or denial. To the extent a response to Paragraph #24 of Plaintiff's Complaint is required, Defendant incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

25.     Defendant denies all allegations contained in Paragraph #25 of Plaintiff's Complaint.

---

26.     Defendant denies all allegations contained in Paragraph #26 of Plaintiff's Complaint.

27.     Defendant denies all allegations contained in Paragraph #27 of Plaintiff's Complaint.

28.     Defendant denies all allegations contained in Paragraph #28 of Plaintiff's Complaint.  To the extent necessary, Defendant further incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

29.     Defendant denies all allegations contained in Paragraph #29 of Plaintiff's Complaint.  To the extent necessary, Defendant further incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

30.     Defendant denies all allegations contained in Paragraph #30 of Plaintiff's Complaint.  Defendant further denies that *any* action by Defendant "caused" Plaintiff to "seek representation by the undersigned counsel" and denies that Plaintiff is entitled to an award of reasonable attorneys' fees, expert fees, and costs under Title VII or the Texas Labor Codes.

## B.  RETALIATION UNDER TITLE VII AND TEXAS LABOR CODE

31.     Paragraph #31 of Plaintiff's Complaint contains a statement that does not require an admission or denial.  To the extent a response to Paragraph #31 of Plaintiff's Complaint is required, Defendant incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

32.     Defendant denies all allegations contained in Paragraph #32 of Plaintiff's Complaint.

33.     Defendant denies all allegations contained in Paragraph #33 of Plaintiff's Complaint.

34.     Defendant denies all allegations contained in Paragraph #34 of Plaintiff's Complaint.

35.     Defendant denies all allegations contained in Paragraph #35 of Plaintiff's Complaint.  To the extent necessary, Defendant further incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

36.     Defendant denies all allegations contained in Paragraph #36 of Plaintiff's Complaint.  To the extent necessary, Defendant further incorporates its responses to Paragraphs #1 - #23 of Plaintiff's Complaint as stated in this Answer.

37.     Defendant denies all allegations contained in Paragraph #37 of Plaintiff's Complaint.  Defendant further denies that *any* action by Defendant "caused" Plaintiff to "seek representation by the undersigned counsel" and denies that Plaintiff is entitled to an award of reasonable attorneys' fees, expert fees, and costs under Title VII or the Texas Labor Codes.

## JURY DEMAND

38.     Defendant joins in the demand for a jury contained in Paragraph #38 of Plaintiff's Complaint.

## PRAYER

39.     Defendant admits that Plaintiff seeks the relief specified in Section VI of Plaintiff's Complaint under the section entitled "Prayer" but denies that Plaintiff is entitled to any relief and/or recovery whatsoever as a result of the claims asserted in Plaintiff's Complaint.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

40.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant asserts the affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted.

41.     Defendant further asserts that Plaintiff did not satisfy all jurisdictional prerequisites in connection with any of his claims under Title VII or the Texas Labor Code that have been asserted in Plaintiff's Complaint.

42.     Defendant further asserts that Plaintiff failed to timely file suit following the "Right to Sue" letter.  Alternatively, if the Court finds that the filing of Plaintiff's suit was timely, the Plaintiff failed to timely serve Defendant in accordance with the Federal Rules of Civil Procedure.

43.     Defendant pleads the affirmative defense of Governmental and/or Sovereign Immunity under both statutory and common law, State and Federal, which may be available for all claims against it as alleged in the Complaint.

44.     Defendant asserts that Plaintiff's claims are barred by the applicable statute of limitations.

45.     Defendant asserts that Plaintiff has not alleged and cannot prove any custom, practice, or policy of a violation of his rights of any kind and he certainly cannot prove that any actions were taken or ratified by a policymaker with regard to any of the allegations contained in Plaintiff's Complaint.

46.     Defendant asserts that all of the Defendant's actions with respect to the Plaintiff were based on legitimate, nondiscriminatory reasons and were not pretexts for discrimination.

47.      Defendant asserts that all of the Defendant's actions with respect to the Plaintiff were based on legitimate, nonretaliatory reasons and were not pretexts for retaliation.

48.      Defendant asserts that it is entitled to the statutory cap on damages resulting from its size as an employer as set forth in 42 U.S.C. § 1981a(b) and/or Texas Labor Code § 21.2585(d) and any other applicable statutes, state or federal, that place a cap on the damages that might be assessed against Defendant.

49.      Defendant asserts that the claims and other legal contentions contained in Plaintiff's Original Complaint are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law or alternatively, that Plaintiff's claims are being presented for purposes of harassment.  As such, Defendant would show that Plaintiff's claims are being brought in violation of Rule 11 of the Federal Rules of Civil Procedure.

50.      Defendant affirmatively asserts that it is entitled to an award of its reasonable costs, attorney's fees, and reasonable expert fees pursuant to the provisions of Texas Labor Code § 21.259 as the prevailing party.

51.      Defendant affirmatively asserts that it is entitled to its reasonable costs, attorney's fees, and reasonable expert fees as the prevailing party under 42 USC § 2000e-5(k).

52.      Defendant affirmatively asserts that it is entitled to reasonable costs, attorneys' fees, and fees for expert witnesses pursuant to Rule 11 of the Federal Rules of Civil Procedure.

53.      Defendant affirmatively asserts that punitive damages are not available under either federal or state law because Defendant is a governmental entity.

## III.

## COUNTERCLAIMS

54.     Defendant Detroit Independent School District would show that, in the event Defendant is the prevailing party in this lawsuit, it is entitled to its reasonable costs, attorneys' fees, and fees for expert witnesses pursuant to 42 U.S.C. § 2000e-5(k), and hereby files its counterclaim for same.

55.     Defendant Detroit Independent School District would further show that, in the event Defendant is the prevailing party in this lawsuit, it is entitled to its reasonable costs, attorneys' fees, and fees for expert witnesses pursuant to Texas Labor Code § 21.259, and hereby files its counterclaim for same.

56.     Defendant would show that, in the event Defendant is the prevailing party in this lawsuit, and the Court finds that the Plaintiff has violated Rule 11(b) of the Federal Rules of Civil Procedure, the Court may award to Defendant its reasonable expenses, including attorneys' fees. Defendant Detroit Independent School District hereby files its counterclaim for same.

## IV.

## DEMAND FOR JURY

57.     Defendant Detroit Independent School District hereby exercises its right to trial by jury and makes its demand for same in conformity with Rule 38(b) of the Federal Rules of Civil Procedure.

## V.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Detroit Independent School District prays that this Honorable Court enter judgment on behalf of Defendant, that Plaintiff take

nothing by this suit, that Defendant recover its reasonable costs, its reasonable attorneys' fees, and

its fees for expert witness, and further prays for such other and further relief that Defendant may

show itself to be entitled, at law or in equity.

Respectfully submitted,

By: _____
V. Jay Youngblood
State Bar No. 22220200
jyoungblood@plg-law.com
*Lead Attorney*

R. Kevin Rhyne
State Bar No. 00797309
krhyne@plg-law.com
*Attorney to be Noticed*

**POWELL LAW GROUP, L.L.P.**
1001 E SE Loop 323, Suite 450
Tyler, Texas 75701
Telephone:      (903) 526-6618
Facsimile:      (903) 526-5766

**ATTORNEYS FOR DEFENDANT DETROIT INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND was electronically filed with the Clerk of Court and served on Plaintiff and Plaintiff's attorney on this 18th day of September, 2023 through the Court's CM/ECF system and via email to:

*BShelby@ShelbyLawPLLC.com*
Brandon S. Shelby
Shelby Law, PLLC
P.O. Box 1316
Sherman, Texas 75019
*Attorney for Plaintiff*